**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NEAL JACKSON,** | : |
| **Plaintiff** | : |
| | :    **CIVIL ACTION NO. 3:15-2007** |
| **v.** | : |
| |        **(Judge Mannion)** |
| **ABC, NFL-FCC GOODALL,** | : |
| **Defendants** | : |

**M E M O R A N D U M**

Before the court is the report and recommendation of Judge Carlson, (Doc. 7), recommending that the complaint of plaintiff be dismissed. The case arises from a complaint, (Doc. 1), filed on October 15, 2015, in which plaintiff Neal Jackson, an inmate confined at SCI-Huntingdon, lists three defendants, ABC, a television network, NFL-FCC, a professional sports league, and Roger Good[e]ll, the NFL Commissioner. His complaint does not amount to a factual narrative, nor does it provide any coherent statement of what behavior, actions, or incidents about which plaintiff complains. Plaintiff has not submitted objections to the report. Plaintiff's exhibits filed after the report do not constitute objections and it is not clear how they even relate to his complaint. (Docs. 9, 10, 12). As the complaint does not raise a discernible claim, the court adopts the report of Judge Carlson and his recommendation that the complaint be dismissed with prejudice.

**I.      STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.     DISCUSSION

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of pro se litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. See Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

As Judge Carlson's report indicates, the complaint in this matter does not provide a short and plain statement of the claim, as required by Fed.R.Civ.P. 8. Nor does it contain a proper prayer for relief. In fact, it is impossible to glean the crux of the complaint, as it is made up of seemingly random words unrelated to one another and incomprehensible phrases, with no mention of any of the defendants or explanation of the facts giving rise to the complaint. The complaint provides neither understandable factual

3

allegations nor the grounds on which the claims rest. It does not put any defendant on fair notice of any cognizable claims against it and the factual basis for any claims. Additionally, plaintiff's exhibits filed after Judge Carlson's report, which are also dated after the report, do not appear to have any relationship to his complaint or to any claims, they include such things as sick call requests, a copy of a grievance not submitted to the prison's grievance coordinator, and inmate requests to staff member. Nor do his exhibits contain any explanation or reference to the report. In fact, the exhibits do not make any sense, including the phrase in one inmate request pertaining to "auditing of Goodall, immigrants and Nevada's Gaming Commissions, www.bookies.com." (Doc. 10).

On October 30, 2015, plaintiff also submitted two U.S. Marshal Process Receipt and Return Forms (Form USM-285), one for service on the Pennsylvania Board of Probation and Parole, (Doc. 11), and one for service on Jesse Jackson and Congress, (Doc. 13), despite the fact that they were not named as defendants in his complaint. Plaintiff also signs his name using both "MD" and "Esq."

As Judge Carlson explains, plaintiff's complaint consists of averments which are an "incomprehensible, catalogue of complaints, a litany grievances that are presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations." (Doc. 7, at 10). The complaint is not comprehensible, a

circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 F.App'x 700, 700 (3d Cir. 2012).

Further, plaintiff names defendants who are not mentioned in the complaint, apart from merely being listed as the defendants in the caption. Indeed, the defendants are not proper parties in a federal civil rights action under 42 U.S.C. §1983 since they are not state actors. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Nor are the defendants federal officials or federal agencies subject to this suit in a *Bivens*[1] civil rights action pursuant to 28 U.S.C. §1331 even though plaintiff styles his complaint as such an action. Further, plaintiff does not allege that his constitutional rights were violated.

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court agrees with the other reasons Judge Carlson poses for dismissing the complaint, including that the court can dismiss a complaint that is completely devoid of merit and plainly frivolous for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). See DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster,787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (sua sponte dismissal under Rule 12(b)(1) is

---

[1]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A *Bivens*-type action is the federal counterpart to an action filed under 42 U.S.C. §1983. *See* Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988).

proper when allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.")).

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Judge Carlson's determination that granting plaintiff leave to amend the complaint would be futile in light of the incomprehensibility of the complaint and since it is "no longer open to discussion" that plaintiff's complaint is "obviously frivolous."

For the above reasons, the report of Judge Carlson is **ADOPTED IN ITS ENTIRETY**. Plaintiff's complaint is **DISMISSED**. Leave to amend is **DENIED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 12, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2007-01.wpd